```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

GREGORY B. MYERS and BARBARA
ANN KELLY,

      Plaintiffs,

v.                                  Case No:  2:24-cv-846-JES-KCD

NAPLES GOLF AND BEACH CLUB,
INC., a Florida Corporation,
NAPLES PROPERTY HOLDING
COMPANY, LLC, a Delaware
limited liability company,
NAPLES BEACH CLUB LAND TRUST
TRUSTEE, LLC, a Delaware
limited liability company,
as Trustee under the Land
Trust Agreement dated as of
May 27, 2021, NAPLES BEACH
CLUB PHASE II AND III LAND
TRUST TRUSTEE, LLC, a
Delaware limited liability
company, as Trustee under
the Land Trust Agreement
dated as of May 27, 2021, and
NBC CLUB OWNER, LLC, a
Delaware limited liability
company,

      Defendants.
_____

## OPINION AND ORDER

On September 20, 2024, the Court entered an Order (Doc. #12) noting that it was the second removal from a state court case and that the "Court is inclined to remand the case forthwith as the previous removal was untimely and the Court found no subject matter jurisdiction." (Id. at 2.)  The Court provided an opportunity to

respond and took defendants'[1] Motion for Remand and Request for Fees and to Declare Plaintiff a Vexatious Litigant (Doc. #3) under advisement.  The Court stated that if no timely response was filed by September 26, 2024, the case would be remanded without further notice.  On September 23, 2024, plaintiff filed a Notice of (Interlocutory) Appeal (Doc. #18) and on September 26, 2024, plaintiff filed a Response in Opposition (Doc. #20) to remand arguing that there was no final order or judgment in the state court action on Count IV of the Counterclaim and presenting other arguments.  On October 21, 2024, the Eleventh Circuit dismissed plaintiff's interlocutory appeal for failure to pay the filing fee or file a motion to proceed *in forma pauperis* (Doc. #21).  A Mandate was issued on the same day.

    Mr. Myers did not attach any state court documents, including the Complaint, as required by M.D. Fla. R. 1.06(b).  This is the second removal from Collier County Circuit Court Case Number 21-CA-1441.  See Myers v. Naples Golf & Beach Club, Inc., 2:23-cv-13-JES-KCD (M.D. Fla.).  The previous case was remanded on March 23, 2023, and the appeal from the Opinion and Order remanding the case was dismissed on May 8, 2024.[2]  See 2:23-cv-13-JES-KCD at

---

[1] The other defendants joined the request.  (Docs. #16, #17.)

[2] The appeal from the Opinion and Order denying reconsideration remains on appeal.  2:23-cv-13-JES-KCD at Doc. #23.

Docs. ## 19, 33. The previous case was remanded because the Court found that the removal was untimely and because the Court lacked subject matter jurisdiction. A copy of that Opinion and Order is attached and the findings incorporated herein. This case will be remanded for the same reasons.

The Court finds that a restriction on further removals from Collier County Court, Case Number 21-CA-1441, is appropriate. Federal courts may limit frivolous suits on a case-by-case basis. Cofield v. Alabama Pub. Serv. Comm'n, 936 F.2d 512, 518 (11th Cir. 1991). "The right of access to the courts 'is neither absolute nor unconditional.' [] Conditions and restrictions on each person's access are necessary to preserve the judicial resource for all other persons. Frivolous and vexatious law suits threaten the availability of a well-functioning judiciary to all litigants." Miller v. Donald, 541 F.3d 1091, 1096 (11th Cir. 2008) (internal citation omitted). "The All Writs Act provides that the 'Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.' Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1099 (11th Cir. 2004)] (quoting 28 U.S.C. § 1651(a)). This power includes the authority 'to enjoin litigants who are abusing the court system by harassing their opponents.'" Foley v. Orange Cnty., No. 23-12740, 2024 WL 3517648, at *2 (11th Cir. July 24,

2024) (citation omitted).  The Court will no longer accept removals by Mr. Myers or Ms. Kelly from Case Number 21-CA-1441.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  As this is not the first attempted removal of Case Number 21-CA-1441, the Court will entertain a request for attorney's fees and costs if another removal is attempted.

Accordingly, it is hereby

**ORDERED:**

1. The Time-Sensitive Motion for Remand and Request for Fees and to Declare Plaintiff Gregory B. Myers a Vexatious Litigant (Doc. #3) is **GRANTED** to the extent stated herein.
2. The case is remanded to the Collier County Twentieth Judicial Circuit Court and the Clerk of the Court shall transmit a certified copy of this Order to the Clerk of that Court. The Clerk shall terminate all pending motions, including plaintiff's Motion to Compel Arbitration and Stay Case (Doc. #9) and close the file.
3. The Clerk shall not accept any other Notice of Removals or assign a new case number stemming from the Collier County Court, Case Number Case Number 21-CA-1441, from Gregory B. Myers and Barbara Ann Kelly, separately or together, that are not signed by an attorney licensed to practice law in

the State of Florida and in good standing with The Florida Bar and the Middle District of Florida Bar.  Any attempted filings shall be returned without filing on the docket, but the receipt of an attempted filing shall be noted on the docket of this case.

**DONE and ORDERED** at Fort Myers, Florida, this __24th__ day of October 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record